UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SCOTT JOHNSON, | No. 2:16-cv-00617-JAM-KJN |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| SAIF ALI AHMED SALEH, ET AL, | |
| Defendants. | |

Plaintiff Scott Johnson ("Plaintiff") sued Defendants Saif Ali Ahmed Saleh and Michael's Market, Inc. (collectively "Defendants") alleging Defendants did not comply with the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). Compl. at 9-15, ECF No. 1. Plaintiff now moves for summary judgment. Mot. for Summ. J. ("Mot."), ECF No. 24. Defendants oppose summary judgment on the grounds that Plaintiff's damages claim raises an issue of material fact. Opp'n at 2-3, ECF No. 25.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 25, 2017.

1

I.   FACTS

Plaintiff is a quadriplegic who uses a wheelchair and drives a specially equipped van. Johnson Decl. ¶¶ 2, 3, ECF No. 24-4. In April 2014, Plaintiff visited Michael's Market and found that the business did not have appropriate parking for people with disabilities and had various other barriers to accessibility. Id. ¶¶ 4-18. Plaintiff returned to the market three more times and encountered the barriers again. Id. ¶¶ 13, 20, 23.

Plaintiff seeks injunctive relief for his ADA claim and statutory damages for his Unruh Act claim. Mot. at 14-15. Plaintiff seeks $8,000 in statutory damages: $4,000 for his first visit and $4,000 "for his multiple visits thereafter." Id. at 15.

II.   DISCUSSION

A plaintiff is entitled to injunctive relief for ADA violations, 42 U.S.C. § 12188(a), and statutory damages for Unruh Act violations. Cal. Civ. Code § 55.56(a). The Unruh Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

Defendants concede that Michael's Market "was not fully ADA compliant when [Plaintiff] allegedly first visited the property." Opp. at 1. Defendants do not contest that Plaintiff is entitled to injunctive relief for his ADA claim. The Court therefore grants Plaintiff's motion for summary judgment on his ADA claim and grants the injunctive relief he seeks.

As to Plaintiff's request for statutory damages under the

Unruh Act, Defendants argue a triable issue exists as to whether Plaintiff's "multiple visits were 'reasonable' in light of Plaintiff's duty to mitigate his damages." Opp. at 2. Defendants contend the Court should deny summary judgment or limit damages to $4,000. Id. at 3.

To support their position, Defendants rely on California Civil Code § 55.56(h) and Johnson v. Wayside Prop., Inc., 41 F. Supp. 3d 973 (E.D. Cal. 2014). Id. at 2-3. But Defendants cite to a previous version of Section 55.56(h), and Wayside was decided before the statute was changed in May 2016. Section 55.56(h) currently states, "[t]his section does not alter the applicable law for the awarding of injunctive or other equitable relief for a violation or violations of one or more construction-related accessibility standards, nor alter any legal obligation of a party to mitigate damages." Cal. Civ. Code § 55.56(h).

Another court in this district has stated that the current Section 55.56(h) "does not create a duty to mitigate, but merely states that where one exists, the section does not alter said duty." Johnson v. Guedoir, 218 F. Supp. 3d 1096, 1102 (E.D. Cal. 2016). The Guedoir court further stated that the Unruh Act "is silent on a duty to mitigate and sets a statutory damages minimum of $4,000. It is clearly established that a plaintiff need not show actual damages to recover the statutory minimum." Id. at 1102-03.

This Court agrees with Guedoir and finds that a plaintiff does not have a duty to mitigate damages under the Unruh Act in light of current version of Section 55.56(h). The Court finds it was reasonable for Plaintiff to visit the Market more than once

3

and to seek $8,000 in total statutory penalties.  Defendants do not make any other arguments in opposition to Plaintiff's motion for summary judgment.  The Court GRANTS Plaintiff's motion for summary judgment in full and awards Plaintiff $8,000 in statutory damages.

## III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated:  July 31, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE