UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAIF ALI AHMED SALEH;<br>MICHAEL'S MARKET, INC., a<br>California Corporation,<br><br>　　　　Defendants. | Case No. 2:16-cv-00617-JAM-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

Plaintiff Scott Johnson ("Plaintiff") sued Defendants John Saif Ali Ahmed Saleh and Michael's Market, Inc. ("Defendants"), alleging that Michael's Market did not comply with state and federal disability access laws. Compl., ECF No. 1. The Court granted summary judgment on Plaintiff's claims arising under the Americans with Disabilities (ADA) and Unruh Civil Rights Act. Order, ECF No. 28. Plaintiff now seeks attorney's fees under 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a).[1] Mot. Fees, ECF No. 33.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 13, 2018.

1

I. OPINION

Plaintiff believes that the Court should award him "reasonable attorney fees" and litigation expenses in the amount of $19,088.00. Mot. Fee at 1. Defendants' counsel filed an opposition to Plaintiff's first motion for attorney fees. The first motion was stricken because Plaintiff failed to comply with the Court's order regarding filing requirements. See Opp'n, ECF No. 31; Minute Order, ECF No. 32. Plaintiff refiled the motion and also submitted a reply to Defendants' opposition, in compliance with the Court's order. Reply, ECF No. 36.

When determining the reasonableness of an attorney's fee request, the Court engages in a two-step process. First, the Court determines the amount of a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This total, the "lodestar" amount, yields a presumptively reasonable fee. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).

Second, the Court decides whether to adjust the lodestar figure upward or downward pursuant to a variety of factors. Id. at 1209. Those factors include: (1) time and labor required; (2) novelty and difficulty of questions involved; (3) skill requisite to perform legal service properly; (4) preclusion of other employment by attorney due to acceptance of the case; (5) customary fee; (6) time limitations imposed by client or circumstances; (7) amount involved and results obtained; (8) experience, reputation, and ability of attorneys; (9) nature and length of professional relationship with client; and

(10) awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Resurrection Bay Conservation Alliance v. City of Seward, 640 F.3d 1087, 1095, n.5 (9th Cir. 2011) (noting that two former factors—the fixed or continent nature of a fee and the desirability of a case—are no longer relevant).

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). Thus, the Court may consider its "overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Id.

A. Hours Reasonably Expended

Plaintiff submits a "Billing Summary" and "Billing Statements," itemizing the time spent by eight attorneys—Mark Potter, Phyl Grace, Mary Melton, Isabel Masanque, Sara Gunderson, Dennis Price, Teresa Allen, and Amanda Lockhart—on this case. Pl.'s Ex. 2, ECF No. 33-3. Plaintiff also attached an invoice for attendance at a June 2, 2017 deposition cancelled by Plaintiff's counsel, ECF No. 33-4; two invoices for site surveys and mileage, ECF No. 33-5, 33-6; a declaration from an attorney in support of Plaintiff's attorneys' rates, ECF No. 33-7; and an attorney rate report, ECF No. 33-8.

1. Potter

Not all of the hours billed by Plaintiff's counsel are reasonable. Potter's billing statement includes "estimates" for "time to review opposition brief, draft the reply brief, attend oral argument" (7 hours). Pl.'s Ex. 2 at 3. As an initial matter, these activities should be broken into separate time

entries.  Additionally, no oral argument took place on this motion.  Plaintiff concedes that the time estimated for oral argument should be stricken.  Reply at 4.  Furthermore, because Potter did not draft the reply, he cannot bill for it.  Instead, the Court will credit thirty minutes of time, a reasonable estimate for the quality of the reply brief, to Masanque.  Thus, the seven hours Potter billed for the cancelled attorney fee hearing will be omitted from the fee award.  See, e.g., Johnson v. Yates, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *2 (E.D. Cal. Aug. 10, 2017) (striking hours billed for a hearing that was not held).

Potter also bills 0.9 hours for "[d]iscussions with client; discussed his case; discussed his contacts with the geographical area for standing purposes and his likelihood of returning to maintain federal jurisdiction."  Id. at 2.  Given the hundreds of cases filed by Plaintiff and his counsel in the Eastern District of California, a discussion about standing could not reasonably have required this much time.  This entry is reduced to 0.2 hours.

As in other cases in which Potter represented Plaintiff, the Court will reduce Potter's 2.2 hours of public records research by half to 1.1 hours.  Johnson v. Swanson, No. 2:15-CV-00215-TLN-DB, 2017 WL 3438735, at *3 (E.D. Cal. Aug. 10, 2017) ("[C]ourts have found public records research to be clerical in nature and suited for paralegal work."); Yates, 2017 WL 3438737, at *2 (reducing 2.2 hours of public records research by half because of its clerical nature); Johnson v. Xinliang Bai, No. 2:16-cv-1698-WBS-GGH, 2017 WL 3334006, at *2 (E.D. Cal. Aug. 4, 2017) (same);

Johnson v. Guedoir, No. 2:14-cv-00930-TLN-AC, 2017 WL 3172994, at *3 (E.D. Cal. July 26, 2017) (same).

In total, the Court reduces the hours billed by Potter (16.2) by 9.5 hours for excessive or unreasonable entries. Potter's remaining total is 6.7 hours.

### 2. Melton

Plaintiff has further conceded that fees and costs billed for a deposition cancelled by his attorney were not reasonable. Reply at 4. The Court will strike Melton's time entries associated with this deposition on May 15 and 16, 2017, omitting five hours from her billing statement.[2]

The Court reduces the hours billed by Melton (6.1) by 5.3 hours for excessive or unreasonable entries. Melton's remaining total is 0.8 hours.

### 3. Gunderson

Plaintiff failed to provide any information in his brief about Gunderson. The Court has no means by which to determine her qualifications or experience, essential elements to determining a reasonable attorney fee. All of Gunderson's 15.7 hours will be omitted from the award.[3]

### 4. Other Attorneys

Plaintiff has not explained why it was necessary for eight attorneys to work on this case. The Court has reviewed the filings on the docket and finds that this case was a simple

---

[2] The Court will also strike Plaintiff's request for costs in the amount of $200 for this deposition.
[3] Further review of Gunderson's time entries shows overbilling. For example, Gunderson billed in unreasonable increments for time spent leaving voicemails and instructing assistants.

5

matter in which the bulk of legal material was recycled from Plaintiff's past cases. While the Ninth Circuit has found a litigation team involving multiple counsel is justified in "important class action litigation," Probe v. State Teachers' Ret. Sys., 780 F.2d 776, 785 (9th Cir. 1986), the use of eight attorneys on the present case constitutes overstaffing. See id. ("Hours that are excessive, redundant, or otherwise unnecessary are to be excluded when calculating a reasonable attorneys' fee."). The Court will not award fees for hours billed by attorneys other than Potter, Melton, and Masanque.

The Court reduces the hours billed by Masanque (15.1) by 4.1 hours for excessive or unreasonable entries. The Court grants Masanque 0.5 hours of time for the reply brief submitted pursuant to the Court's order. Masanque's remaining total is 11.5 hours.

B. Reasonable Hourly Rate

In his motion, Plaintiff requests his attorneys' time be compensated at the following rates: $350 per hour (Potter); $250 per hour (Grace); and $200 per hour (Melton, Masanque, Gunderson, Price, Allen, Lockhart). Potter Dec., ECF No. 33-2, p. 3; Pl.'s Ex. 2 at 2-12.

Judicial opinions within the Eastern District of California have found that $300 per hour is a reasonable rate for Potter. Johnson v. Bach Thuoc Vu, No. 2:14-cv-02786-JAM-EFB, 2017 WL 2813210, at *3 (E.D. Cal. June 29, 2017). Similarly, decisions provide that $150 per hour is a reasonable rate for junior associates in disability access cases in the Sacramento legal community. Id. Plaintiff has not presented the Court with a reason to depart from the rates awarded in other similar cases.

Accordingly, the Court calculates the lodestar with reasonable hourly rates as: Potter at $300 and other attorneys at $150. As stated above, Gunderson's hours were stricken for failure to provide any information about her qualifications and experience in the briefing. The lodestar in this case is as follows.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Potter | 6.7 | $300.00 | $2,010.00 |
| Melton | 0.8 | $150.00 | $ 120.00 |
| Masanque | 11.5 | $150.00 | $1,725.00 |
| **Reasonable Attorney Fees Earned** | | | **$3,855.00** |

C. Costs

The ADA authorizes an award of litigation expenses and costs to a prevailing party, including expert witness fees. Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). A prevailing party may recover out-of-pocket expenses counsel normally charge fee-paying clients. Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005). The requested costs must be reasonable in amount. Harris v. Marhoefer, 24 F.3d 16, 20 (9th Cir. 1994).

Here, Plaintiff seeks litigation expenses in the amount of $4,838.00. Those fees are composed of investigator fees ($400.00), filing fees ($400.00), service fees ($95.50), deposition fees ($200.00), and expert fees ($3,742.50). Plaintiff bears the burden of providing supporting documentation for requested costs. See Yates, 2017 WL 3438737, at *3 (denying investigation and expert costs were no bills were provided).

Plaintiff did not attach receipts or bills verifying that the amounts billed for service and by his investigator were

reasonable and necessary. Potter provided a declaration that he paid his investigator $400 to conduct this case's investigation. Potter Dec., ECF No. 33-2, p. 2. Potter's declaration does not explain why no billing statement was submitted for his investigator and does not mention the service fee. As the Court has no basis upon which to judge whether these costs were reasonably incurred, the "Court will not award such an amount arbitrarily." Yates, 2017 WL 3438737, at *3. Additionally, as noted above, Plaintiff shall not receive deposition fees for a deposition cancelled by his own attorney.

The Court grants Plaintiff $4,142.50 in filing and expert fees.

## II. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion for attorneys' fees and costs. The Court awards Plaintiff $3,855.00 in attorney's fees and $4,142.50 in costs, for a total of $7,997.50.

IT IS SO ORDERED.

Dated: March 2, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE